No. 46,665

William Herbst, *Appellant,* v. Linda Herbst, *Appellee.*

(505 P. 2d 294)

Opinion filed January 20, 1973.

*Michael J. Peterson,* of Carson, Mahoney & Fields, of Kansas City, was on the brief for appellant.

*James C. Thompson,* of Kansas City, was on the brief for appellee.

*Per Curiam:* The parties to this action were divorced in 1966; the custody of their two-year-old daughter was given to the mother. Shortly thereafter, the mother, then seventeen, was sentenced to the Girl's Industrial School at Beloit, and, the father being then in the United States Marine Corps, temporary custody was awarded to the maternal grandparents, pending the father's "tour of duty," and without disturbing the permanent custody which had by the decree been awarded to the mother.

In 1971, the mother moved to have the actual custody of the child taken from the grandparents and awarded to her. She had been released from Beloit and had remarried. The district court continued custody in the grandparents on a permanent basis and denied the mother's application. She appeals from that order.

The district court expressly held that there was no finding of unfitness on the part of the mother. No such finding had been made as to the father. So it reduces to a controversy between the mother of the child, whose fitness is unchallenged, and her parents who have the child's custody. The record does not show any lack of appellant's ability to care for her child.

Under these circumstances we have no choice in the matter but to reverse the judgment of the district court, no matter how sincerely it may have felt that the welfare of the child was best promoted by leaving her with the grandparents.

In the absence of an adjudication that a natural parent is unfit to have custody of a child, the parent has the paramount right to custody as opposed to third parties—even, as here, they happen to be her own parents and the child's grandparents. See *Finney v.*

*Finney,* 201 Kan. 263, 440 P. 2d 608, and cases there cited; *In re Armentrout,* 207 Kan 366, 485 P. 2d 183; *Hamm v. Hamm,* 207 Kan. 431, 485 P. 2d 221; *In re Rhea,* 207 Kan. 610, 485 P. 2d 1382.

The judgment is reversed.